Mr. Chief Justice Si-iaRkey
delivered the opinion of the court.
Martin commenced this suit by attachment against Cook as a partner of the Real Estate Banking Company of Hinds county, and declared on a bill of exchange on the New York Banking Company, in the city of New York, and also on divers promissory notes, signed by Cowles Meade, as the president of the company. Cook replevied the property attached, and pleaded non-assumpsit, and a verdict was rendered against him. He *391 took his bill of exceptions during the progress of the trial, and now seeks a reversal of the judgment. The assignment of errors contains twelve distinct specifications or causes for reversing the judgment, from which we shall endeavor to extract and condense the questions presented, without regarding in detail each special cause assigned.
An objection was taken to the admissibility of the bill of exchange as evidence. Cook was declared against as a partner, and the instruments described as having been signed by Meade as the agent of the firm. The statute provides that any one of several partners may be sued separately, and that he can only deny the partnership by plea supported by affidavit. In the same way he must deny the execution of the instrument sued on, whether it be signed by himself or by another person for him. By pleading the general issue then, Cook admitted the existence of the firm; that he was a partner, and that Meade was the agent. H. & H. Dig. 594, 595. Ellis' Adm'r v. The Planters Bank, 7 Howard, 235.
The deposition of -Anderson, a witness residing in New Orleans, was introduced by the plaintiff below, and objected to. The objection is, that the commission issued prior to the expiration of the ten days required by the statute, after filing the interrogatories in the clerk’s office. To obviate this objection, the plaintiff introduced the agreement of the defendant’s counsel, waiving the privilege of filing cross-interrogatories. The statute provides that any party to a suit desiring to take the deposition of a witness residing out of the state, may do so on affidavit of his materiality, and by filing in the clerk’s office a copy of the interrogatories, at least ten days before the commission is to issue, giving at the same time notice to the opposite party. The notice is required to enable the opposite party to file cross-interrogatories, and by waiving this privilege, the party himself dispensed with the provision which the law had made in his favor. A waiver of the privilege of doing the thing, necessarily embraced a waiver of the time, in which, by law, it was to be done. This objection to the deposition was properly overruled.
Another objection to the deposition was, that it did not con *392 tain an exact copy of the draft in this, that the draft introduced in evidence had certain words written across its face, which were omitted in the copy contained in the interrogatories. If the object'of the deposition had been to prove the identity of the draft, this objection might be entitled to some weight, provided those words could be regarded as constituting a descriptive part of the bill. But the object seems to have been to prove that the drawers had no funds in the hands of the drawees. The date of the bill then was all that was necessary, to direct the attention of the witness to the fact, of whether funds had been provided to meet it. The witness does not pretend to identify the bill; on the contrary, he says he has no recollection of it, but knows that such drafts were drawn by the company. A circumstance then, so immaterial, cannot vitiate the deposition.
After the evidence was closed, the defendant’s counsel requested the court to charge the jury, that the plaintiff was bound to prove that the defendant sustained no damage for the want of notice of non-payment, and in the absence of such proof they were bound to find for defendant. The declaration contains an averment of notice, and also an averment that the drawers had no funds in the hands of the drawees, from the date of the bill until it matured, and that defendant consequently sustained no damage for want of notice. If the drawer had no funds or effects in the hands of the drawee, from the time the bill was drawn until its maturity, and had no just ground to expect that it would be honored, then he is not entitled to notice of dishonor. This exception to the general rule, proceeds upon the ground that it was an act of fraud, under the circumstances, to draw. But if the drawee was indebted to the drawer, or the drawer had made consignments to him, or if the want of notice from other causes would produce detriment to the drawer, then he is entitled to notice. 3 Kent, 110. But it was not incumbent on the plaintiff, in the language of the charge asked, to prove that the defendant had sustained no damage. Indeed, such proof would have been inadmissible. 4 Phil. Ev. 29. It was sufficient for the plaintiff to prove the fact of no assets; the law draws the conclusion. And when the plaintiff proved that the *393 defendant had no funds or assets in the hands of the drawer from the time of drawing the bill until its maturity, he had made out a prima facie case, and if circumstances existed which were sufficient to remove the exception to the general rule, and to entitle him to notice, it was incumbent on him to prove them. Chitty on Bills, 258.
In the next place, the court was asked to instruct the jury, that the plaintiff must prove a demand of payment of the notes at the banking house of the company in Clinton, where they were made payable. By a well-settled train of American adjudications, it is not necessary to prove presentment of a note at the place of payment. It is matter of defence for the defendant to prove that he was ready at the time and place. 3 Kent’s Com. 97, 98. A distinction has been taken between notes payable at a particular time, and those payable on demand. It has been held, that, as- regards notes of the latter description, the demand must be averred and proved. 8 Cowen, 271. These notes, or a part of them at least, are payable on demand five months after date, and can only be regarded as notes payable at a particular time. They were due at the expiration of five months, and demand at the place of payment was not necessary. If the defendant was ready at the time and place to pay, he was entitled to be exonerated from costs, on proof of that fact.
The judgment must be affirmed.